### 31177. LEE *v.* THE STATE.

Decided May 10, 1946.

*George F. Fielding,* for plaintiff in error.
*Lindley W. Camp, solicitor, E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

GARDNER, J. The defendant was convicted of violating the provisions of the unemployment compensation act. The indictment charged him in two counts with violating the act. The first count accused him of falsely receiving benefits of $18 per week for the week ending December 29, 1944; the second accused him of receiving an $18 benefit payment for the week ending January 5, 1945. A conviction was had in the criminal court of Fulton County. The judge under each count sentenced him to serve 30 days on the public works of Fulton County. The defendant, when arraigned, filed demurrers to the accusation, which were overruled and to which rulings exceptions were taken pendente lite. The case was brought from that court to Fulton superior court by writ of certiorari, the assignments of error being: (1) that the court

erred in overruling the demurrers, which went to the legality of the act; (2) that the evidence did not sustain the charges as alleged; (3) that under the unemployment compensation act imprisonment and not labor on the public works was the punishment.

■ The judge of the superior court, in considering the certiorari presenting the above facts, sustained the proceedings in all respects except that the defendant could not be, under the unemployment compensation act, sentenced to work on the public works, but held that the only punishment possible under the provisions of the act was imprisonment. The defendant excepted to the overruling of his certiorari on all its grounds.

The case, as we view it, is controlled by the assignments of error on the general grounds. We will look to those grounds to see whether the evidence sustained a conviction. It was alleged that the defendant falsely represented that he was able to work, available for work, and registered for work, in addition to the statement that he was unemployed. As to this issue, there is no question as to the fact that he received the compensation of $18 per week for the two weeks in question—the stipend which the law provides. Otherwise in all respects, he complied with the provisions of the unemployment compensation act (and the evidence shows that he did so comply by registering, reporting, etc.). The material portions of the first count were that, by false representation as to his employment for the week ending December 29, 1944, he received the compensation payment. The only evidence revealed in the record is the testimony of F. W. Fischer: "I know the defendant in this case. He has worked for my company. The first time he worked for me was in Macon, Georgia, in 1941 or 1942, I have forgotten the date. He has worked for me on and off after that. I know the defendant personally. From my records, I find that the defendant worked for my company on December 14, 1944, at the toll building for the Southern Bell Telephone Company. He drew $34.50 in all. For the week ending December 21, 1944, he drew $48. My record discloses that Alton Lee was working in January, 1945, from the 5th to the 11th, he worked for the Atlantic Company on Piedmont Avenue. He drew $12; then at the Y. M. C. A. he worked and drew approximately $43.50. He was working during the week ending January 18th." As to count 1, it therefore clearly appears that

the accused was not employed during the week in question and that he met the requirements of the law in every respect. Other than the testimony above quoted, there is not one scintilla of evidence that the accused did anything to defeat his right to compensation. The State failed to make out a case as to count 1.

As to count 2, it appears from the record that the accused went to the reporting agency provided under the act, and stated that he had not been employed for the week ending January 5, 1945. The record shows that in every other respect he had complied with the provisions of the act. The State contends that, under the evidence, this payment was received falsely and in violation of the act. The State failed to produce proof to sustain this count under the particular provision of the act applicable thereto. Mr. Fischer, the principal witness for the State testified: "My record discloses that Alton Lee, the defendant, was working in January, 1945, *from* the 5th to the 11th . . he was working during the week ending January 18th." It will thus be seen that the only evidence relied on by the State that he violated the law under count 2 was that he worked *from* January 5 to January 11, and also received compensation. It will be discerned that the State failed to produce the required evidence that the accused received compensation for the week ending January 5, 1945, from the unemployment compensation fund through false misrepresentations.

It is our opinion that the provisions of this law, as well as all other laws, should be interpreted and applied in view of the entire legal terrain which the purposes of the act contemplate. The State argues that, since the evidence showed that the defendant received compensation from the State under the act for the week ending January 5, 1945, and further, that he also received compensation from his employer for his work *from* January 5 to January 11, this was sufficient to convict him under this count. The State draws the conclusion that for January 5 he received compensation both under the act and from his employer. Strictly from a grammatical standpoint, the words of the evidence, January 5, can not be included in the computation of time in both instances. It will be noted that we have italicized the word "from" for the purpose of emphasizing whether the computation of time as to either of these periods for which he received compensation included or excluded January 5. Be this as it may,

usually those who come within the provisions of the act are not expected to draw such fine grammatical distinctions, if indeed we, who are charged with the duty of interpreting the act, both in the lower court and here, are capable of drawing such fine distinctions. So far as the writer is concerned, it is my opinion that such acts ought to be applied in the spirit of the legislative intent, liberally and in the interest of the employee, rather than to use an academic analysis of the definition of mere words. From this viewpoint, under this evidence we hold that the word "from" the 5th means that the defendant received from the State compensation for the week ending January 5, and that the following day, the 6th, was the beginning of a new week. It will be observed that, so far as the State's evidence goes, there is none to show that the defendant had not, within the work year, complied with the requirements of the act as to the two-weeks waiting period. The defendant in his statement contended that he had had a four or five weeks waiting period during such year. It is a well-recognized principle of law that it is the duty of the jury in the trial of a case such as here, where there is an apparent conflict in a witness's testimony, or between such witness's testimony and the defendant's statement, to reconcile such conflict, if that can be done without imputing perjury to any witness, and without imputing a false statement to the accused.

■ The overruling of the demurrer to the accusation was not error for any of the reasons assigned.

■ The judge of the superior court did not err in deciding that the unemployment compensation act provides as a penalty imprisonment and not labor on the public works.

The case is reversed solely on the ground that the evidence was insufficient to sustain the conviction under the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*